**UNITED STATES of America ex rel. James Edward Howard NEWMAN, Appellant,**

v.

**Joseph R. BRIERLY, Supt.**

**No. 17401.**

United States Court of Appeals Third Circuit.

Submitted on Briefs Nov. 21, 1969.

Decided Jan. 16, 1970.

James E. Newman, pro se, appellant.

Charles H. Spaziani, Dist. Atty., Easton, Pa., for appellee.

Before HASTIE, Chief Judge, and VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order of the district court denying relator's petition for writ of habeas corpus, but granting probable cause for appeal.

Relator pleaded guilty on January 25, 1957, before the Court of Common Pleas of Northampton County, Pennsylvania, to fifteen separate criminal charges of indecent assault, burglary and robbery, for which he was later convicted. In attacking the conviction he raises on appeal several questions which were previously considered by the Pennsylvania state courts and the district court in denying him relief.

■ A careful review of the entire record, including the post-conviction hearing transcripts, supports the findings of the district court and clearly shows, contrary to relator's allegations, that:

(1) he was mentally competent to plead guilty;

(2) his juvenile record was not considered in the sentencing;

(3) his original confession was not coerced; and

(4) his guilty pleas were voluntary.

■ Relator also raises on this appeal, for what appears to be the first time, an allegation that he was induced to plead guilty by assurances of his counsel that he would receive only a six year sentence, although he was subsequently sentenced to eighteen to thirty-six years. Assuming that this new allegation is true, and there is no support for it in the record, relator has not exhausted his state remedies regarding this issue. There is no indication that he raised this issue in any state proceeding. In-

deed, it was not raised in the district court, either.

The judgment of the district court denying relator's petition for writ of habeas corpus will, therefore, be affirmed.